IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **SIGNIFY NORTH AMERICA CORPORATION and SIGNIFY HOLDINGS B.V.,** )<br>)<br>)<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>**DELTA LIGHT (USA) LLC and DELTA LIGHT N.V.,** )<br>)<br>)<br>Defendants. ) | CIVIL ACTION NO. 1:19-cv-02877-DLC<br><br>JUDGE DENISE L. COTE |

## ANSWER AND AFFIRMATIVE DEFENSES

Pursuant to Rules 7 and 12 of the Federal Rules of Civil Procedure, Defendants Delta Light (USA) LLC. and Delta Light N.V. submit the following answer and affirmative defenses to Plaintiffs' Complaint for Patent Infringement.

## NATURE OF THE ACTION

1. Defendants admit that the Complaint purports to state an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §1, *et seq*., but deny that Plaintiffs are entitled to any of the remedies specified under 35 U.S.C. §§ 281 and 283-285.

## THE PARTIES

2. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in ¶2 and, therefore, deny them.

3. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in ¶3 and, therefore, deny them.

4. Defendants admit that Delta Light (USA) LLC is a limited liability company organized and existing under the laws of Florida, with a place of business at 255 Fifth Avenue, 6th Floor, New York, New York 10016.

5. Defendants admit that Delta Light N.V. is a corporation organized and existing under the laws of Belgium with a place of business at Muizelstraat 2, 8560 Wevelgem, Belgium.

## JURISDICTION AND VENUE

6. Defendants admit that this Court has subject matter jurisdiction over the patent infringement claims alleged in the Complaint.

7. Defendants admit that this Court has personal jurisdiction over them because Delta Light (USA) conducts business and derives revenue from products sold in this judicial district and Delta Light NV ships products to the United States that enter into this judicial district.  Defendants deny the remaining allegations in ¶7.

8. Defendants admit that venue is proper in this judicial district and that Defendants may be sued in this judicial district, but deny the remaining allegations in ¶8.

## FACTUAL BACKGROUND

9. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in ¶9 and, therefore, deny them.

10. Defendants admit that Plaintiffs have alleged infringement of the following patents in this lawsuit:  U.S. Patent No. 6,577,512 (the "'512 Patent"); 7,178,941 (the "'941 Patent"); 7,262,559 (the "'559 Patent"); 7,352,138 (the "'138 Patent"); and 8,070,328 (the "'328 Patent") and that these patents are collectively referred to as the "Patents-in-Suit" in the Complaint.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in ¶10 and, therefore, deny them.

11. Defendants admit that what purports to be a copy of the '512 Patent, entitled "Power Supply for LEDs" can be found at http://patft1.uspto.gov/netacgi/nph-Parser?patentnumber=6577512, and that the '512 Patent, on its face, purports to have been issued on June 10, 2003. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in ¶11 and, therefore, deny them.

12. Defendants admit that what purports to be a copy of the '941 Patent, entitled "Lighting Methods and Systems" can be found at http://patft1.uspto.gov/netacgi/nph-Parser?patentnumber=7178941, and that the '941 Patent, on its face, purports to have been issued on February 20, 2007. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in ¶12 and, therefore, deny them.

13. Defendants admit that what purports to be a copy of the '559 Patent, entitled "LEDs Driver" can be found at http://patft1.uspto.gov/netacgi/nph-Parser?patentnumber=7262559, and that the '559 Patent, on its face, purports to have been issued on August 28, 2007. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in ¶13 and, therefore, deny them.

14. Defendants admit that what purports to be a copy of the '138 Patent, entitled "Methods and Apparatus for Providing Power to Lighting Devices" can be found at http://patft1.uspto.gov/netacgi/nph-Parser?patentnumber=7352138, and that the '138 Patent, on its face, purports to have been issued on April 1, 2008. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in ¶14 and, therefore, deny them.

15. Defendants admit that what purports to be a copy of the '328 Patent, entitled "LED Downlight" can be found at http://patft1.uspto.gov/netacgi/nph-

Parser?patentnumber=8070328, and that the '328 Patent, on its face, purports to have been issued on December 26, 2011.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in ¶15 and, therefore, deny them.

### COUNT I:  PATENT INFRINGEMENT OF U.S. PATENT NO. 6,557,512

16. Defendants incorporate their admissions and denials set forth in paragraphs 1-15 above.

17. Defendants deny the allegations in ¶17.

18. Defendants admit that ¶18 purports to recite the claim limitations for claim 28 of the '512 Patent.

19. Defendants deny the allegations in ¶19.

20. Defendants admit that a brochure for B-Liner Products can be found at https://www.deltalight.com/frontend/files/downloads/profile_info/B-LINER.pdf and that the graphic appearing in ¶20 of the Complaint is in that brochure.

21. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in ¶21 and, therefore, deny them.

22. Defendants deny the allegations in ¶22.

23. Defendants deny the allegations in ¶23.

24. Defendants deny the allegations in ¶24.

25. Defendants deny the allegations in ¶25.

26. Defendants deny the allegations in ¶26.

27. Defendants deny the allegations in ¶27.

28. Defendants deny the allegations in ¶28.

29. Defendants deny the allegations in ¶29.

30. Defendants deny the allegations in ¶30.

31. Defendants admit that ¶31 purports to recite the claim limitations for claim 38 of the '512 Patent.

32. Defendants deny the allegations in ¶32.

33. Defendants deny the allegations in ¶33.

34. Defendants deny the allegations in ¶34.

35. Defendants deny the allegations in ¶35.

36. Defendants deny the allegations in ¶36.

37. Defendants deny the allegations in ¶37.

38. Defendants deny the allegations in ¶38.

39. Defendants deny the allegations in ¶39.

40. Defendants deny the allegations in ¶40.

41. Defendants deny the allegations in ¶41.

42. Defendants deny the allegations in ¶42.

43. Defendants deny the allegations in ¶43.

44. Defendants admit that they were aware of or had notice of the '512 Patent upon the service of the Complaint, but deny the remaining allegations in ¶44.

**COUNT II:  PATENT INFRINGEMENT OF U.S. PATENT NO. 7,178,941**

45. Defendants incorporate their admissions and denials set forth in paragraphs 1-44 above.

46. Defendants deny the allegations in ¶46.

47. Defendants admit that  that ¶47 purports to recite the claim limitations for claim 10 of the '941 Patent.

48. Defendants deny the allegations in ¶48.

49. Defendants admit that the B-Liner product is a light fixture, but deny the remaining allegations in ¶49.

50. Defendants deny the allegations in ¶50.

51. Defendants deny the allegations in ¶51.

52. Defendants deny the allegations in ¶52.

53. Defendants admits that B-Liner products include a power supply for providing power to the light sources, but deny the remaining allegations in ¶53.

54. Defendants deny the allegations in ¶54.

55. Defendants deny the allegations in ¶55.

56. Defendants deny the allegations in ¶56.

57. Defendants deny the allegations in ¶57.

58. Defendants admit that they were aware of or had notice of the '941 Patent upon the service of the Complaint, but deny the remaining allegations in ¶58.

**COUNT III: PATENT INFRINGEMENT OF U.S. PATENT NO. 7,262,559**

59. Defendants incorporate their admissions and denials set forth in paragraphs 1-58 above.

60. Defendants deny the allegations in ¶60.

61. Defendants admit that ¶61 purports to recite the claim limitations for claim 11 of the '559 Patent.

62. Defendants deny the allegations in ¶62.

63. Defendants deny the allegations in ¶63.

64. Defendants deny the allegations in ¶64.

65. Defendants deny the allegations in ¶65.

66. Defendants deny the allegations in ¶66.

67. Defendants deny the allegations in ¶67.

68. Defendants deny the allegations in ¶68.

69. Defendants deny the allegations in ¶69.

70. Defendants deny the allegations in ¶70.

71. Defendants admit that they were aware of or had notice of the '559 Patent upon the service of the Complaint, but deny the remaining allegations in ¶71.

## COUNT IV:  PATENT INFRINGEMENT OF U.S. PATENT NO. 7,352,138

72. Defendants incorporate their admissions and denials set forth in paragraphs 1-71 above.

73. Defendants deny the allegations in ¶73.

74. Defendants admit that ¶74 purports to recite the claim limitations for claim 1 of the '138 Patent.

75. Defendants deny the allegations in ¶75.

76. Defendants admit that the "Mains Dimming Products" are apparatuses that provide illumination.

77. Defendants admit that the "Mains Dimming Products" include at least one LED.

78. Defendants admit that the "Mains Dimming Products" include a controller connected to at least one LED.  Defendants deny the remaining allegations in ¶78.

79. Defendants admit that a video is provided at http://play.deltalight.com/?id=99902639 depicting, among other things, the operation of a falling edge dimmer, that the schematic depicted in ¶79 is excerpted from the video, and that the two

7

stills depicted in ¶79 are excerpted from the video.  Defendants deny the remaining allegations in ¶79.

80. Defendants deny the allegations in ¶80.

81. Defendants deny the allegations in ¶81.

82. Defendants deny the allegations in ¶82.

83. Defendants deny the allegations in ¶83.

84. Defendants admit that they were aware of or had notice of the '138 Patent upon the service of the Complaint, but deny the remaining allegations in ¶84.

### COUNT V:  PATENT INFRINGEMENT OF U.S. PATENT NO. 8,070,328

85. Defendants incorporate their admissions and denials set forth in paragraphs 1-84 above.

86. Defendants deny the allegations in ¶86.

87. Defendants admit that ¶87 purports to recite the claim limitations for claim 1 of the '328 Patent.

88. Defendants deny the allegations in ¶88.

89. Defendants deny the allegations in ¶89.

90. Defendants deny the allegations in ¶90.

91. Defendants deny the allegations in ¶91

92. Defendants deny the allegations in ¶92.

93. Defendants deny the allegations in ¶93.

94. Defendants deny the allegations in ¶94.

95. Defendants deny the allegations in ¶95.

96. Defendants deny the allegations in ¶96.

97. Defendants deny the allegations in ¶97.

98. Defendants deny the allegations in ¶98.

99. Defendants deny the allegations in ¶99.

100. Defendants deny the allegations in ¶100.

101. Defendants deny the allegations in ¶101.

102. Defendants deny the allegations in ¶102.

103. Defendants deny the allegations in ¶103.

104. Defendants deny the allegations in ¶104.

105. Defendants deny the allegations in ¶105.

106. Defendants deny the allegations in ¶106.

107. Defendants deny the allegations in ¶107.

108. Defendants deny the allegations in ¶108.

109. Defendants deny the allegations in ¶109.

110. Defendants deny the allegations in ¶110.

111. Defendants deny the allegations in ¶111.

112. Defendants admit that it was aware of or had notice of the '328 Patent upon the service of the Complaint, but deny the remaining allegations in ¶112.

## PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to any relief from Defendants.

## AFFIRMATIVE DEFENSES

Defendants assert the following Affirmative Defenses, without admitting any allegation not otherwise admitted and without assuming the burden of proof when such burden would

otherwise be on Plaintiffs. Defendants also reserve the right to allege additional Affirmative Defenses as they become known throughout the course of discovery.

### FIRST AFFIRMATIVE DEFENSE – NON-INFRINGEMENT OF PATENTS-IN-SUIT

113. Defendants have not infringed, directly or indirectly, either literally or under the doctrine of equivalents, any valid and enforceable claim of the '512 Patent, the '941 Patent, the '559 Patent, the '138 Patent, or the '328 Patent.

### SECOND AFFIRMATIVE DEFENSE – INVALIDITY OF PATENTS-IN-SUIT

114. One or more claims of the '512 Patent, the '941 Patent, the '559 Patent, the '138 Patent, or the '328 Patent are invalid for failure to comply with one or more of the conditions and requirements for patentability specified in Title 35 U.S.C. including, but not limited to: 35 U.S.C. §§ 102, 103, and/or 112, the judicial doctrine of double patenting, and the rules, regulations and laws pertaining thereto.

### THIRD AFFIRMATIVE DEFENSE – NO KNOWLEDGE

115. Plaintiffs have failed to state an essential element for an indirect infringement claim, as Defendants did not have actual knowledge of the '512 Patent, the '941 Patent, the '559 Patent, the '138 Patent, or the '328 Patent prior to Plaintiffs' allegation that Defendants infringed those patents.

### FOURTH AFFIRMATIVE DEFENSE – LACK OF DIRECT INFRINGER

116. Plaintiffs have failed to state an essential element for an indirect infringement claim, as it has failed to allege with specificity a direct infringer for its indirect infringement of the '512 Patent, the '941 Patent, the '559 Patent, the '138 Patent, or the '328 Patent.

**FIFTH AFFIRMATIVE DEFENSE – LACK OF INTENT**

117. Plaintiffs have failed to state an essential element for an indirect infringement claim, as it has failed to allege that Defendants had a specific intent to induce direct infringement of the '512 Patent, the '941 Patent, the '559 Patent, the '138 Patent, or the '328 Patent prior to Plaintiffs allegation that Defendants infringed those patents.

**SIXTH AFFIRMATIVE DEFENSE – NON-INFRINGING USES**

118. Defendants' accused products have substantial non-infringing uses with respect to the '512 Patent, the '941 Patent, the '559 Patent, the '138 Patent, or the '328 Patent. Defendants' accused products are not specially made or adapted to infringe the '512 Patent, the '941 Patent, the '559 Patent, the '138 Patent, or the '328 Patent.

**SEVENTH AFFIRMATIVE DEFENSE – PROSECUTION HISTORY ESTOPPEL AND DISCLAIMER**

119. Plaintiffs' claims are barred in whole or in part by the doctrine of prosecution history estoppel and disclaimer because the amendments and arguments made during the prosecution limit the scope of the claims of the '512 Patent, the '941 Patent, the '559 Patent, the '138 Patent, or the '328 Patent and bar Plaintiffs' allegations of infringement, whether literally or under the doctrine of equivalents.

**EIGHTH AFFIRMATIVE DEFENSE – STATUTORY LIMITATIONS ON DAMAGES**

120. Plaintiffs' claims for damages and costs, if any, are statutorily limited by the provisions of 35 U.S.C. §§ 286, 287, and/or 288.

**NINTH AFFIRMATIVE DEFENSE – EQUITABLE RELIEF IMPROPER**

121. Plaintiffs have failed to state facts and/or a legal basis sufficient to permit the Court to grant them equitable relief against Defendants.

**TENTH AFFIRMATIVE DEFENSE – NO IRREPARABLE HARM**

122. Plaintiffs are not entitled to injunctive relief against Defendants because any alleged injury they suffered as a result of Defendants' alleged activities is not immediate or irreparable, and they have an adequate remedy at law.

**ELEVENTH AFFIRMATIVE DEFENSE – LACHES**

123. Plaintiffs' claims are barred, in whole or in part, under the doctrines of laches because their unreasonable delay in asserting the patents-in-suit materially prejudiced Defendants.

**TWELFTH AFFIRMATIVE DEFENSE – EQUITABLE ESTOPPEL**

124. The relief Plaintiffs seek is barred, in whole or in part, under the doctrine of equitable estoppel because their unreasonable delay in filing suit misled Defendants to believe that Plaintiffs did not intend to enforce the '512 Patent, the '941 Patent, the '559 Patent, the '138 Patent, or the '328 Patent against Defendants. Defendants relied on that misleading conduct, and would be materially prejudiced if Plaintiffs were permitted to proceed with its alleged claims of infringement against them.

**THIRTEENTH AFFIRMATIVE DEFENSE -- ATTORNEYS' FEES IMPROPER**

125. Plaintiffs have failed to state facts and/or a legal basis sufficient to permit recovery of attorneys' fees, costs, or expenses from Defendants.

## **FOURTEENTH AFFIRMATIVE DEFENSE – FAILURE TO STATE A CLAIM**

126. Plaintiffs have failed to state a claim against Defendants on which relief can be granted.

WHEREFORE, Defendants respectfully pray that:

(a). Plaintiffs' Complaint be dismissed with prejudice;

(b). This Court deny in its entirety the relief sought by Plaintiffs;

(c). This Court declare this case to be exceptional and award Defendants their reasonable attorneys' fees, expenses and costs in this action; and

(d). This Court grant Defendants such other and further relief that this Court deems just and proper.

Dated:  June 24, 2019					By:     /s/ Arthur P. Licygiewicz

Arthur P. Licygiewicz (*pro hac vice*)
THOMPSON HINE LLP
3900 Key Center
127 Public Square
Cleveland, OH 44114
Telephone:  (216) 566-5500
Facsimile:   (216) 566-5800
Art.Licygiewicz@ThompsonHine.com

Steven J. Butler (*pro hac vice*)
THOMPSON HINE LLP
312 Walnut Street
14th Floor
Cincinnati, Ohio 45202
Telephone:  (513) 352-6700
Facsimile:   (513) 241-4771
Steve.Butler@ThompsonHine.com

Jeffrey C. Metzcar (*pro hac vice*)
THOMPSON HINE LLP
Discovery Place
10050 Innovation Drive
Suite 400
Dayton, Ohio 45342
Telephone:  (937) 443-6600
Facsimile:   (937) 443-6635
Jeff.Metzcar@ThompsonHine.com

Emily J. Mathieu
THOMPSON HINE LLP
335 Madison Avenue
12th Floor
New York, New York 10017
Telephone:  (212) 344-5680
Facsimile:   (212) 344-6101
Emily.Mathieu@ThompsonHine.com

*Attorneys for Defendants*
*Delta Light (USA) LLC and Delta Light N.V.*

## **CERTIFICATE OF SERVICE**

I certify that on June 24, 2019, a copy of the foregoing was filed electronically. Notice of its filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. The parties may access this filing through the Court's filing system.

/s/ Arthur P. Licygiewicz
Arthur P. Licygiewicz

*One of the Attorneys for Defendants*
*Delta Light (USA) LLC and Delta Light N.V.*