**THOMPSON HINE**

ATLANTA  CINCINNATI  COLUMBUS  NEW YORK
CHICAGO  CLEVELAND  DAYTON  WASHINGTON, D.C.

**MEMO ENDORSED**

September 11, 2019

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/12/2019

*Via ECF*

The Honorable Denise L. Cote
United States District Judge
United States District Court for the Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:   *Signify North America Corporation, et al. v. Delta Light (USA) LLC, et al.*
      **1:19-cv-02877-DLC (S.D.N.Y.)**

Dear Judge Cote:

We represent Defendants Delta Light (USA) LLC and Delta Light N.V. (collectively, "Delta Light") in the above-captioned action. We write to respond to the letter motion submitted on Tuesday, September 10, 2019 by Plaintiffs Signify North America Corporation and Signify Holding B.V. (collectively, "Signify") that seeks to compel mediation with a private mediator to take place in New York City on certain dates in October 2019.

The parties have been in discussions regarding the time and place for mediation with a private mediator, but have reached an impasse. Delta Light, which is headquartered in Belgium, advised that it is available to mediate this case in London, England or elsewhere in Europe on either October 9, 10, 11, 14 or 21-23, with a preference for October 22 - 23. Delta Light advised Signify that these locations were chosen because of other business commitments and scheduling constraints for Delta Light's CEO, who will be attending the mediation. Delta Light advised that if the mediation were to go forward in London, England instead of elsewhere in Europe, it could take place at the offices of JAMS in London, England, and that Delta Light was comfortable with using JAMS mediators who work out of London, England and have experience in patent matters.

Delta Light also offered to mediate this matter in Hong Kong toward the end of October when Delta Light's CEO is scheduled to attend an international lighting trade show. Delta Light further offered to mediate this matter in Paris, somewhere in Belgium, or somewhere in the Netherlands, all of which would be at most a few hours train ride for the any representatives from both Signify's headquarters in Eindhoven, Netherlands and Delta Light.

Despite Signify acknowledging that it is available to mediate this case in October during the week of October 7 – 11, and October 21 and 22, Signify steadfastly has refused to mediate this case anywhere other than New York City, repeatedly stating that a mediation in Europe would be a "non-starter." When Delta Light asked Signify to provide Delta Light with any

Art.Licygiewicz@ThompsonHine.com   F: 216.566.5800   O: 216.566.7165

---

THOMPSON HINE LLP
ATTORNEYS AT LAW

3900 Key Center
127 Public Square
Cleveland, Ohio 44114-1291

www.ThompsonHine.com
O: 216.566.5500
F: 216.566.5800

THOMPSON
HINE

The Honorable Denise L. Cote
September 11, 2019
Page 2

authority for the proposition that a mediation between parties using a private mediator must take place where the case was filed, where the parties are subjected to the jurisdiction of the Court, and where the trial will proceed so that it can further consider Signify's position, Signify could not provide any such authority and Delta Light is not aware of any such authority.

Yet, based on the discussions between counsel for Signify and Delta Light, it is plain that Signify is receptive to mediation outside of New York City. Indeed, after the August 2, 2019 Case Management Conference, when counsel for Delta Light asked counsel for Signify if it had any thoughts on possible locations for a mediation – Signify responded with both New York City and the Boston area. Later, Signify asked whether Delta Light's CEO had any plans to travel to the United States during the remainder of 2019 so that the parties could potentially mediate this case elsewhere in the United States, including in or around Ft. Lauderdale, Florida, where Delta Light (USA) LLC is located. Delta Light advised that its CEO had no plans to travel to the United States through the remainder of 2019, but that its CEO could make a special trip to New York in November for a mediation on either November 21 or 22. Delta Light indicated that it would be in the best interests of all parties, and most conducive to the potential success of the mediation for the parties to move the dates for the completion of mediation (currently, November 1, 2019), the service of discovery (beginning November 2, 2019) and the provision of invalidity contentions (November 22, 2019) by three (3) weeks, so that the parties can concentrate on mediating this action without the other costs and expense associated with concurrent litigation. Delta Light believes that other dates in this Court's Scheduling Order (Dkt. 30) can remain unchanged and that such a minimal extension would not affect the overall schedule of this case. Signify, however, refused to agree to this proposal.

Delta Light submits that if mediation cannot take place in London, England or elsewhere in Europe in October 2019, then the Court's Scheduling Order should be revised to extend the dates for completion of the mediation, service of discovery, and the provision of invalidity contentions by three (3) weeks so that the parties can mediate this matter in New York City on November 21 or 22 without enduring unnecessary litigation expenses. Thank you for your consideration of this matter.

*The defendant must participate in mediation in New York in October 2019.*
/s/ Denise Cote
9/11/19

Respectfully submitted,

/s/ Arthur P. Licygiewicz

Arthur P. Licygiewicz

cc: Counsel of Record (via ECF)